## CIRCUIT COURT OF CHESTERFIELD COUNTY

Weeks

v.

Liberty Mutual Fire
Insurance Co.

March 8, 2007

Case No. CL06-2100

BY JUDGE HERBERT C. GILL, JR.

In a separate action, the plaintiff is seeking recovery under a homeowners insurance policy for injuries based on the homeowner's negligence. At issue in this declaratory judgment action is whether the homeowner has coverage for the underlying accident. A summary judgment has been requested by both parties. The plaintiff seeks summary judgment on the theory that the exclusion in the policy has no application. The defendant responds that there is a material fact in dispute and the matter is therefore not ripe for summary judgment on the plaintiff's theory.

The defendant further responds that, regardless of there being a fact in dispute, such fact is not material to the defendant's motion for summary judgment. The defendant asserts that the plain language of the policy excludes plaintiff's right to recover.

The Court finds as a matter of law that there are no material facts in dispute and therefore the matter is ripe for summary judgment. The underlying facts of the case are as follows: plaintiff, Ms. Weeks was injured at the County landfill when she was struck by a pickup operated by the insured's nephew, who was on an errand for his uncle. The plaintiff claims that the insured is vicariously liable for his nephew's negligent driving and independently liable due to his own negligent loading of leaves from his property onto the pickup, thereby obstructing the driver's view.

After reviewing the policy, the briefs submitted by counsel, and relevant case law, the Court grants plaintiff's motion for summary judgment and denies the defendant's motion.

In granting the plaintiff's motion, the Court first determined that there was no issue of material dispute with regard to whether or not the vehicle in question was "loaned to" the insured, as argued by the defendant. The Court agrees with plaintiff that *American Reliance Ins. Co. v. Mitchell*, 238 Va. 543, 385 S.E.2d 583 (1989), is directly on point and controlling. That the case was a review of a trial decision rather than summary judgment is irrelevant. The *Mitchell* court found, as a matter of law, that when undefined, "loaned" is ambiguous and therefore to be interpreted against the insurance company. Because there was no formal bailment, the arrangement between the insured and his nephew regarding the use of the pickup to remove leaves from the insured's property does not constitute a loan under the policy. *Id.* at 549. Liberty's argument relying on the volunteer or non-volunteer nature of the arrangement is also of no moment. Such distinctions only provide credence to the ambiguity of the term "loaned to," an ambiguity necessitating a ruling against the insurance company. *Id.*, at 585.

In denying defendant's motion for summary judgment, the Court finds that the policy's motor vehicle exclusion does not apply. The policy excludes coverage for injuries "arising out of the ownership, maintenance, use, loading or unloading of motor vehicles . . . owned or operated by or rented by or loaned to an insured." Although the definition of "insured" is expanded for personal liability purposes to include persons using a motor vehicle [to which the policy applies] on an insured location with consent, the nephew, the operator of the pickup, is *not* an insured. He falls outside the definition in two respects: he was not on insured property at the time of the accident and the policy does not apply to motor vehicles requiring registration.

For the above reasons, the Court grants the plaintiff's summary judgment and declares that Ms. Weeks' accident is covered by Liberty Mutual's homeowners policy.